# OFFICIAL SYLLABI
## Ohio Appeals

### STEIMAN v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Squire, Sanders & Dempsey, Cleveland, for Steiman.

Handrick & Handrick, Cleveland, for Railway Co.

SULLIVAN, J.

1. 923. PLEADINGS.

In action for injuries to plaintiff, struck by rear end of street car while standing in safety zone, allegations that car did not stop in time to avoid accident, or that car was going at high rate of speed, or failure to ring gong, are not material; there being no allegation that there was any projection on rear of car which might have produced injury.

2. 225. CHARGE OF COURT.

Failure to charge doctrine of last clear chance is not error where there is no allegation in petition to that effect and none claimed in record.

3. 829. NEGLIGENCE.

Doctrine of last clear chance does not apply to action for injuries caused by collision between rear end of street car and plaintiff standing in safety zone.

4. 1115. STREET RAILWAYS.

Recovery for injuries resulting from collision between rear end of street car and plaintiff standing in safety zone cannot be based on failure of motorman to ring gong, where evidence showed that plaintiff saw street car approaching.

5. 225. CHARGE OF COURT.

In action for injuries to plaintiff when struck by rear end of street car, charge that plaintiff could not recover if front part of street car passed her in safety and she came in contact with it after that, held not error, in absence of showing of negligence in construction of car with respect to any projection.

6. 465. ERROR PROCEEDINGS.

Where facts on which assignment of error is based do not appear in record, assignment will not be considered.

(Levine, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

### HARTEN-BROOKS CO. v. GAYER.

Ohio Appeals, 6th Dist., Erie Co.

King, Ramsey, Flynn & Pyle, Sandusky, for Harten-Brooks Co.

Young & Young, Norwalk, for Gayer.

RICHARDS, PJ.

1. 118. AUTOMOBILES—54. Agency—1265. Weight of Evidence.

In action for personal injury and damage to automobile in collision, finding that defendant's agent driving car was acting within scope of his employment at time of collision was against weight of evidence.

2. 225. CHARGE OF COURT.

In action for damages growing out of automobile collision, charge relating to liability of defendant for acts of agent, omitting words "acting within scope of employment or on business of defendant," was not prejudicial error, where court charged to that effect in other parts of the charge.

(Williams and Young, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

### SCHUBELER v. LILLY et.

Ohio Appeals, 1st Dist., Hamilton Co.

Weiland, Strother & Weiland, Cincinnati, for Schubeler.

Williams, Ragland, Dixon & Murphy, Cincinnati, for Lilly et.

CUSHING, J.

1. 384. DEMURRER—941. Practice & Procedure.

Demurrer does not search court records other than record in case in which it is filed, and a court does not take judicial notice, in ruling on a demurrer, of another case, its filing and petition.

2. 326. DEBTOR & CREDITOR—923. Pleadings.

Petition, under Sect. 8618 GC., giving creditor right of action, where property is transferred with intent to defraud creditors, alleging that plaintiff had cause of action against defendant not disclosing basis therefor, is broad enough to permit proof that transfer was made with actual intent to defraud subsequent creditors and sustaining of demurrer thereto was error.

3. 563. FRAUDULENT CONVEYANCES.

As regards right to have alleged fraudulent conveyance set aside, one having valid action in tort against grantor at time of conveyance of real estate, on which an action was subsequently brought and judgment recovered, is to be regarded as subsequent creditor of grantor.

(Buchwalter, PJ., and Hamilton, J., concur.)

For reference to full opinion, see Omnibus Index, last page this issue.